[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence October 30, 1992 CT Page 1168 Date of Application November 4, 1992 Date Application Filed November 10, 1992 Date of Decision January 25, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket No. CR91-415256,
John E. Franckling, Esq., Defense Counsel, for Petitioner
 John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner entered a plea of guilty to a charge of Attempted Robbery, 1st degree (Connecticut General Statutes 53a-49;53a-134(a)(3), and was sentenced to a term of fourteen years, execution suspended after eight years, with a probationary term of three years with specific conditions of probation including evaluation and counseling for psychiatric, psychological, and substance abuse problems; full time employment or house-husband if his wife is employed.
The underlying offense occurred on November 16, 1991 at an automatic bank teller machine when the petitioner approached the victim who had just completed a transaction, wielding a knife and demanding money. The victim refused and a struggle ensued in which the victim received knife cuts to one of his hands. The sentence, imposed was a Court indicated sentence (made when the plea was entered) while the state requested a sentence of thirteen years to serve.
Counsel for the petitioner asks the Division to consider that the petitioner served in the Army, has a history of drug abuse and psychiatric problems which, when under control by the petitioner, CT Page 1169 result in acceptable behavior on his part.
He points out that from approximately 1978 to 1988, the petitioner has no criminal history, and this incident appears to be the only crime of violence in the petitioner's record. Counsel has accurately portrayed the petitioner's background and the sentencing court gave consideration to those positive characteristics. The Court specifically noted that the petitioner has a positive side, and stated that was why it rejected the state's recommendation of thirteen years. The Court was also aware of the less positive aspects of the petitioner's background. His tour of duty in the Army ended prematurely in 1973, because of his drug abuse. He rejected attempts at counseling and, following his discharge, was an I.V. heroin user. His addiction caused many arrests and convictions, mostly for larceny and forgery offenses (approximately twenty in number). He was also convicted of stealing mail and was sentenced to a four year federal sentence. Apparently he resumed the use of heroin and cocaine in 1988, which led to additional convictions and, ultimately to this crime of violence, randomly committed upon an innocent person going about his daily business.
The Division concludes that the Court gave appropriate consideration to all relevant factors in determining its sentence, and applying the criteria for review set forth in 942 of the Practice Book, we find the sentence to be appropriate and proportionate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.